*E-filed on* 7/14/06

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE CYGNUS TELECOMMUNICATIONS TECHNOLOGY, LLC, PATENT LITIGATION<br>_____<br>THIS ORDER RELATES TO:<br>All Actions | No. MDL-1423<br>This Order Applies to All Actions<br>　　C-02-00142 RMW<br>　　C-02-00145 RMW<br>　　C-02-05437 RMW<br>　　C-03-03594 RMW<br>　　C-03-03596 RMW<br>　　C-03-03378 RMW<br>　　C-03-04003 RMW<br>　　C-03-05758 RMW<br>　　C-04-01791 RMW<br>　　C-04-03001 RMW<br>　　C-04-03365 RMW<br>　　C-04-04247 RMW<br>　　C-04-04359 RMW<br>　　C-05-01291 RMW<br>　　C-06-03843 RMW<br>　　C-06-04295 RMW<br>MISCELLANEOUS ORDER |

**I.  DISCOVERY ISSUES**

In a June 21, 2006 scheduling order, the court instructed the parties to develop a discovery depository to facilitate all parties' access to documents in these coordinated actions. The parties requested a phone conference to resolve three discovery issues: (1) how to divide the cost of setting up and maintaining the discovery depository, (2) who bears the cost of producing documents in Cygnus's possession, and (3) who should host the depository site.

MISCELLANEOUS ORDER—MDL-1423
JAH

**A. Cost of the discovery depository**

Cygnus's position is that Cygnus and each defendant should pay an equal share of the cost. The defense position is that Cygnus should pay half the cost and the defendants collectively should pay half the cost.

If Cygnus had sued only one defendant, presumably each would bear approximately half the costs of discovery. The court doubts that adding an additional defendant to this hypothetical situation would greatly increase the discovery required to be produced by Cygnus. Conversely, it is unlikely that there would be substantial overlap between each defendant's discovery production, so an additional defendant would significantly add to the discovery deposited. During the phone conference, Cygnus reported there were seventeen defendants. While Cygnus appears to have named more than seventeen entities as defendants in these actions, the court will accept seventeen as the number of defendants important for discovery purposes.

Since it appears reasonable to assume Cygnus's discovery production in these actions, except for its original production, will not be significantly greater than that of an individual defendant, and there are by Cygnus's estimation eighteen parties important for discovery, the court orders Cygnus to bear 11 percent of the cost of the discovery depository (approximately 2/18ths or 1/9th) and the defendants to collectively bear the other 89 percent (approximately 16/18ths or 8/9th). For simplicity, this ratio will not change as defendants are added or removed from proceedings before this court. Each participating defendant shall presumptively bear an equal share of the defendants' portion of the cost, though the defendants are free to make other arrangements among themselves.

**B. Cost of producing documents in Cygnus's possession**

Cygnus's counsel possesses approximately twenty-five boxes of documents from past cases. Defendants want access to all these documents. Cygnus argues that it should bear no part of the cost of producing these documents except for the few it intends to use. According to Cygnus, the documents include multiple copies of the patents-in-suit, very similar complaints, and material produced in discovery by defendants in related cases (including some defendants that remain in these actions). Liaison counsel for the defendants proposed that defendants initially bear the cost of scanning these documents, with leave to move at a later date to shift some of the cost to Cygnus.

1   This proposal seems reasonable,[1] but the court will wait to hear from liaison counsel a firm estimate
2   of the cost of such production before making a final ruling.  Liaison counsel's estimate shall take
3   into consideration the following paragraph.

4   The defendants will under no circumstances be reimbursed for the costs of scanning copies
5   of the patents-in-suit.  The defendants will also not be reimbursed for scanning documents related to
6   lawsuits where there was no discovery or disclosures (voluntary or made under Fed.R.Civ.P. 26), no
7   settlement negotiations, and no default judgments entered.  Materials related to reexaminations of
8   the patents-in-suit publicly available on the USPTO website also need not be scanned.  Defendants
9   should also be mindful of the limitations of the Federal Rules of Civil Procedure, such as
10  Fed.R.Civ.P. 26(b)(2)(i), which states that discovery should not be "unreasonably cumulative or
11  duplicative, or . . . obtainable from some other source that is more convenient, less burdensome, or
12  less expensive."  Discoverable material in Cygnus's possession includes, at a minimum, settlements
13  not ordered kept confidential by a court, as well as any discovery responses, voluntary disclosures,
14  required disclosures, and settlement-related papers.  Cygnus shall provide liaison counsel with an
15  itemization of any confidential documents.

16  **C.  Host for depository**

17  Defendant Interactive Media Technologies Inc. d/b/a GlobalTel has volunteered to host the
18  depository site at a below-market rate.  As counsel estimates this will save several thousand dollars,
19  the court will approve it.  GlobalTel's hosting of the site is subject to modification or substitution if
20  the hosting is not being properly performed.

21  **II.  LIAISON COUNSEL ISSUES**

22  Also at the phone conference, several issues relating to the duties of liaison counsel arose.

23  **A.  Defendants who have not consented to representation by liaison counsel**

24  The defendants have generally selected Kieran Fallon, counsel for GlobalTel, as liaison
25  counsel.  Fallon reports that defendants TelCan Inc., Mike Choren, and Access Network Services

---

[1] Under *Zubulake v. UBS Warberg LLC*, cited by Cygnus, "the presumption is that the responding party must bear the expense of complying with discovery requests," though "requests that run afoul of the Rule 26(b)(2) proportionality test may subject the requesting party to protective orders under Rule 26(c), including orders conditioning discovery on the requesting party's payment of the costs of discovery."  216 F.R.D. 280, 283 (S.D.N.Y. 2003) (quotation marks omitted).

1  have not responded to his communications.  Fallon is, of course, excused from representing those
2  defendants as liaison counsel unless they subsequently consent; he should, however, make
3  reasonable efforts to coordinate the efforts of the defendants he does represent with any action taken
4  by defendants he does not.  Sanctions may be awarded against any defendant who fails to cooperate
5  with liaison counsel.

**B.  Scope of liaison counsel's duties**

The parties sought instruction on whether liaison counsel would be responsible for discovery disputes involving individual defendants.  The court envisions liaison counsel's primary responsibilities to be coordinating discovery and motion practice.  If a discovery dispute arises involving a single defendant, liaison counsel should ensure Cygnus and other defendants are not aware of similar issues that could be dealt with at the same time.  Liaison counsel should also attempt to ensure that individual discovery disputes are scheduled in a manner that makes sense for these actions as a whole.  Liaison counsel is not responsible for briefing an individual discovery dispute (unless it involves GlobalTel); such briefing should be done by counsel for the defendant involved.

**C.  New actions**

The Panel on Multidistrict Litigation continues to transfer in additional cases, most recently Case No. 06-03843 from the Eastern District of California and Case No. 06-04295 from the District of Arizona.  Cygnus and liaison counsel shall confer with the defendants in these two actions and determine whether these new defendants can and should follow the June 21, 2006 scheduling order.  The court would strongly prefer that the new defendants were included in the discovery and motion practice leading up to the November 20, 2006 hearing.  The parties are to report back to the court the results of these discussions.

### III.  AT&T'S MOTION FOR CLARIFICATION

AT&T has filed a motion seeking clarification of the June 21, 2006 scheduling order.  The court clarifies the order as follows: Motions for summary judgment of invalidity or infringement that involve the construction of claim terms, whether the construction is disputed or not, will be heard on November 20, 2006, or at a later date if the claim construction adopted by the court is not

MISCELLANEOUS ORDER—MDL-1423
JAH                                                                 4

legitimately anticipated by a party and the court gives that party leave to file an additional motion for summary judgment. The twenty-five interrogatories from all defendants jointly shall be propounded in one set. The ten interrogatories allowed each defendant may be propounded in more than one set. Assuming these actions are not resolved on the motions heard on November 20, the court will thereafter allow further discovery.

DATED:   7/14/06

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge

1  **A copy of this order was mailed on _____ to:**

2  **Counsel for Plaintiff:**

3  John P. Sutton
   2421 Pierce Street
4  San Francisco, CA 94115-1131

5  Lewis Donald Prutzman
   Tannenbaum Helpern Syracuse & Hirschritt LLP
6  900 Third Avenue
   New York, NY 10022
7
   Benson L. Hathaway, Jr., Michael F. Krieger,
8  Todd E. Zenger
   Kirton & McConkie
9  1800 Eagle Gate Tower
   60 East South Temple
10 Salt Lake City, UT 84111

11 David Allen Lowe, Lawrence D. Graham, Mark
   Stephen Beaufait
12 Black Lowe & Graham
   701 Fifth Avenue
13 Suite 4800
   Seattle, WA 98104
14
   Raymond C. Stewart, Quentin R. Corrie
15 Birch Stewart Kolasch & Birch LLP
   8110 Gatehouse Road
16 Suite 500 East
   Post Office Box 747
17 Falls Church, VA 22040

18 Robert Charles Kain, Jr.
   Fleit Kain Gibbons Gutman & Bongini
19 750 SE 3rd Avenue
   Suite 100
20 Fort Lauderdale, FL 33316

21 E. J. Asbury, III
   Office of E.J. Asbury III
22 3330 Cumberland Boulevard
   Suite 500
23 Atlanta, CA 30339

24 **Counsel for Defendants:**

25 Alan M. Weisberg, Steven M. Greenberg
   Christopher & Weisberg, P.A.
26 200 E. Las Olas Avenue
   Suite 2040
27 Fort Lauderdale, FL 33301

28

John C. Carey
Stroock & Stroock & Lavan, LLP
200 South Biscayne Boulevard
Suite 3160
Miami, FL 33131-5323

Matthew P. Lewis
White & Case LLP
633 West Fifth Street
Suite 1900
Los Angeles, CA 90071-2007

Robert J. Bittman
White & Case LLP
601 Thirteenth Street, NW
Suite 600 South
Washington, DC 20005-3807

Ellen McGinty King
White & Case LLP
Five Palo Alto Square
10th Floor
3000 El Camino Real
Palo Alto, CA 94306

Felice B. Galant, Gregory B. Wood
Fulbright & Jaworski L.L.P.
865 South Figueroa Street
Twenty-Ninth Floor
Los Angeles, CA 90017

Joseph P. Zammit
Fulbright & Jaworski
666 Fifth Avenue
New York, NY 10103

John F. Mardula, Jon L. Roberts
Roberts Abokhair Mardula, LLC
11800 Sunrise Valley Drive
Suite 1000
Reston, VA 20191-5302

Richard B. Sheldon
Mitchell Silberberg & Knupp LLP
11377 West Olympic Boulevard
Los Angeles, CA 90064-1683

Jeffrey L. Silvestrini, Brian F. Roberts
Cohne Rappaport & Segal
P.O. Box 11008
Salt Lake City, UT 84147-0008

MISCELLANEOUS ORDER—MDL-1423
JAH                                    6

| | | |
|---|---|---|
| 1 | Raymond J. Etcheverry<br>Parsons, Behle & Latimer | Jon M. Gibbs<br>Akerman, Senterfitt |
| 2 | One Utah Center<br>201 South Main Street, | 255 S. Orange Avenue<br>Suite 1700 |
| 3 | Suite 1800, Post Office Box 45898<br>Salt Lake City, UT 84145 | Post Office Box 0231<br>Orlando, FL 32802-0231 |

1. Raymond J. Etcheverry
   Parsons, Behle & Latimer
   One Utah Center
   201 South Main Street,
   Suite 1800, Post Office Box 45898
   Salt Lake City, UT 84145

   Kieran Patrick Fallon
   436 SW 8th Street
   Miami, FL 33130-2814

   Matthew Francis McGahren
   Baum & McGahren
   6171 Crooked Creek Road
   Norcross, GA 30092

   Lori D. Greendorfer, Maxim H. Waldbaum
   Schiff Hardin LLP
   623 Fifth Avenue
   28th Floor
   New York, NY 10022

   Thomas T. Tamlyn
   Yeskoo Hogan & Tamlyn, LLP
   535 Fifth Avenue
   New York, NY 10017

   Peter S. Canelias
   Law Offices of Peter S. Canelias
   420 Lexington Avenue
   Suite 2148
   New York, NY 10170

   David T. Alexander
   MBV Law LLP
   855 Front Street
   San Francisco, CA 94111

   Jon M. Gibbs
   Akerman, Senterfitt
   255 S. Orange Avenue
   Suite 1700
   Post Office Box 0231
   Orlando, FL 32802-0231

   Elizabeth E. Green, R. Scott Shuker
   Gronek & Latham, LLP
   390 N. Orange Avenue
   Suite 600
   Orlando, FL 32801

   Robert D. Becker, Shawn G. Hansen
   Manatt Phelps and Philips
   1001 Page Mill Road Bldg 2
   Palo Alto, CA 94304

   Meredith L. Caliman
   Meredith L. Caliman Law Offices
   3858 Carson Street, Suite 120
   Torrance, CA 90503-6705

   Gregory J. Nelson
   Nelson & Roediger
   3333 E Camelback Road, Suite 212
   Phoenix, AZ 85018

   Peter Neil Greenfeld
   Greenfeld Law Group
   3333 E Camelback Road, Suite 212
   Phoenix, AZ 85018-2324

   **Courtesy Copy:**

   Clerk of the Panel
   Judicial Panel on Multidistrict Litigation
   Thurgood Marshall Federal Judiciary Building
   One Columbus Circle, N.E.
   Room G-255, North Lobby
   Washington, D.C. 20002-8004

Counsel for plaintiff is responsible for ensuring that involved attorneys not on the above service list receive a copy of this order, if necessary, and shall inform the court of any omissions.

MISCELLANEOUS ORDER—MDL-1423
JAH                              7